# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:98CR00037-4 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| JOHN CARRINGTON, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Nancy S. Healey, Assistant United States Attorney, Charlottesville, Virginia for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, John Carrington, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing that his enhanced sentence as a career offender under United States Sentencing Guidelines ("U.S.S.G.") §§ 4B1.1 and 4B1.2, is unlawful. After consideration of the record and applicable case law, I conclude that Carrington's motion must be dismissed as untimely.

Carrington was charged in a Indictment with conspiracy to possess with intent to distribute and distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He proceeded to trial and was found guilty. Carrington's Presentence Investigation Report ("PSR") recommended that he receive an increased sentence because he qualified as a career offender in that he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense," pursuant to U.S.S.G. § 4B1.1. PSR ¶ 31, ECF No. 406. The predicate

offenses supporting his status as a career offender included a prior conviction for two counts of distribution of cocaine, a prior conviction for Virginia robbery and a prior conviction for Virginia assault and battery. *Id*. ¶¶ 40, 41 and 42. On July 13, 1999, the court sentenced Carrington to a total of 384 months' incarceration, after concluding that he was a career offender. Carrington and a codefendant appealed, and the Fourth Circuit affirmed his conviction and sentence. *United States v. Martin*, Nos. 99-4471, 99-4537, 2000 WL 429715, at *3 (4th Cir. Apr. 21, 2000) (unpublished). Carrington filed a petition for a writ of certiorari to the Supreme Court which was granted, and the Court vacated and remanded the case. *Carrington v. United States*, 121 S. Ct. 750 (2001). The Fourth Circuit then issued a published opinion, again denying Carrington's appeal and affirming his conviction and sentence. *United States v. Carrington*, 301 F.3d 204, 213 (4th Cir. 2002).

In this § 2255 Motion, Carrington challenges the constitutionality of former U.S.S.G. § 4B1.2(a), which defined a "crime of violence," in part, as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," referred to as the "residual clause." He bases his argument on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), in which the Supreme Court held that an identically worded residual clause in a federal statute, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague and could not be used to increase a

defendant's sentence. However, Carrington's argument that his crime of violence convictions no longer support his career offender status because the residual clause in the Guidelines is unconstitutional, is foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017). The Supreme Court held that the Guidelines are not subject to a similar constitutional challenge as they merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces. *Id*. at 892.

Nonetheless, Carrington argues that the court's determination that he qualified as a career offender is governed by *Johnson*, not *Beckles*. Carrington was sentenced under a pre-*Booker* mandatory Guidelines scheme. *United States v. Booker*, 543 U.S. 220, 245 (2005) (holding, in order to avoid a constitutional violation, that the Sentencing Guidelines are advisory and not mandatory). Accordingly, he argues that the mandatory Guidelines, which fixed his sentencing range, acted as the functional equivalent of a statutorily imposed sentence, and as a result, the reasoning of *Johnson* applies. Suppl. Mem. Supp. § 2255 Mot. 4-5, ECF No. 398.

The *Beckles* court did not address whether a constitutional infirmity might arise in circumstances where a defendant was sentenced under the mandatory Guidelines regime that existed prior to *Booker*. The Fourth Circuit, in *United States v. Brown*, was faced with just such a situation, and ultimately concluded that

the defendant was not entitled to relief because on collateral review, he could not overcome the stringent timeliness hurdle required by 28 U.S.C. § 2255. 868 F.3d 297, 299 (4th Cir. 2017).

Usually, a defendant must file a motion under § 2255 within one year from the date on which the defendant's judgment became final. 28 U.S.C. § 2255(f)(1). However, the statute allows for an additional one-year period to run when a defendant relies on a rule of constitutional law newly recognized by the Supreme Court, starting from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3). The *Brown* court concluded that in neither *Johnson* nor *Beckles* had the Supreme Court expressly recognized the right of a defendant to obtain relief who was sentenced as a career offender under a mandatory Guideline regime. *Brown*, 868 F.3d at 302. By leaving open that question, the Supreme Court failed to recognize a new right in the mandatory Sentencing Guideline context. *Id.* Accordingly, a defendant sentenced as a career offender under the mandatory Guidelines could not rely on the additional one-year limitations period in § 2255(f)(3). *Id.*

Carrington was sentenced in 1999 and his judgment became final in 2002, following his appeal process. He did not file this § 2255 petition until 2016, 14 years after his judgment became final. Accordingly, his petition is time barred and must be dismissed.

A separate Final Order will be entered forthwith.

DATED: March 12, 2018

/s/ James P. Jones
United States District Judge